Dear Senator Wilson:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 May a municipality lawfully deduct the salary continuation required by 11 O.S. 2001, § 49-111[11-49-111] from a firefighter's accumulated leave?
 I. INTRODUCTION
Your question pertains to the Oklahoma Firefighters Pension and Retirement System ("System"), 11 O.S. 2001 Supp. 2007, §§ 49-100.1 — 49-143.5. The System "is a statutorily created entity of the State, in whichs eligible firefighters are enrolled for purposes of coverage under the pension and retirement programs." A.G. Opin. 87-129, at 242. We have previously concluded that the System and its structure are constitutionally sound pursuant to Article V, § 41 and Article X, §§ 15,16 and 20 of the Oklahoma Constitution. A.G. Opin. 81-56, at 113.
Your question specifically pertains to 11 O.S. 2001, § 49-111[11-49-111], which provides:
 A. Whenever any member of the fire department of any municipality, on account of sickness or temporary disability, other than a burn injury, caused or sustained while in the discharge of the member's duty as such member, is unable to perform the member's duties, notwithstanding the provisions of Sections 11 and 12 of Title 85 of the Oklahoma Statutes, the salary shall be paid by the municipality to the member and shall continue while the member is sick or temporarily disabled for a period of not more *Page 2 
than six (6) months with the municipality having the option of extending the period for up to an additional six (6) months, not to exceed a total of twelve (12) months, after which period the provisions for disability benefits under the Oklahoma Firefighters Pension and Retirement System shall apply.
 B. Whenever any member of the fire department of any municipality, on account of a burn injury, caused or sustained while in the discharge of the member's duty as such member, is unable to perform the member's duties, notwithstanding the provisions of Sections 11 and 12 of Title 85 of the Oklahoma Statutes, the salary shall be paid by the municipality to the member and shall continue while the member is sick or temporarily disabled for a period of not more than twelve (12) months with the municipality having the option of extending the period for up to an additional six (6) months, not to exceed a total of eighteen (18) months, after which said period the provisions for disability benefits under the Oklahoma Firefighters Pension and Retirement System shall apply.
 C. Should a member receiving a salary under this section be eligible to receive, and should the salary of the member under this section exceed any temporary disability benefit paid to the member under Section 1 et seq. of Title 85 of the Oklahoma Statutes, the member shall transfer such temporary disability benefits under Section 1 et seq. of Title 85 of the Oklahoma Statutes to the municipality while the member is sick or temporarily disabled.
Id. In a previous Opinion we stated that "[t]he plain mandatory language of [11 O.S. 1981, § 49-111[11-49-111]]" creates an obligation for a municipality to continue the salary of a firefighter temporarily disabled in the line of duty for the period prescribed by the statute. A.G. Opin. 85-5, at 16. In that Opinion we concluded that a municipality's obligation to make salary continuation payments continues even if the municipality has terminated the firefighter prior to the end of the statutory period, and even if the firefighter is subsequently diagnosed as having a permanent disability or sickness prior to the end of the statutory period. Id. at 17.
 II. A MUNICIPALITY MAY NOT DEDUCT THE SALARY CONTINUATIONPAYMENT OBLIGATION REQUIRED UNDER 11 O.S. 2001, § 49-111[11-49-111] FROMA FIREFIGHTER'S ACCUMULATED LEAVE.
Article V, § 41 of the Oklahoma Constitution vests with the Legislature the authority to "enact laws authorizing cities to pension meritorious and disabled firemen." The statutory scheme *Page 3 
creating the System was enacted to meet this end. See 11 O.S. 2001 and Supp. 2007, §§ 49-100.1 — 49-143.5. Title 11 O.S. 2001, § 49-111[11-49-111] establishes the System's temporary sickness or disability benefit feature for firefighters injured in the line of duty who are unable to perform their duties. Section 49-111 expressly provides that "the [temporarily disabled firefighter's] salary shall be paid by themunicipality to the [firefighter]." Id. § 49-111(A), (B) (emphasis added).
"The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention and purpose of the Legislature as expressed in the statute." Jackson v. Indep. Sch. Dist. No. 16,648 P.2d 26, 29 (Okla. 1982). "A cardinal precept of statutory construction is that where a statute's language is plain and unambiguous, and the meaning clear and unmistakable, no justification exists for the use of interpretative devices to fabricate a different meaning." Neer v. State ex rel. Okla. Tax Comm'n, 982 P.2d 1071, 1078
(Okla. 1999). Additionally, even when rules of statutory construction apply, a "construction that would lead to an absurdity will be avoided if this can be done without violating legislative intent." TXO Prod. Corp.v. Okla. Corp. Comm'n, 829 P.2d 964, 969 (Okla. 1992).
You ask whether a municipality may satisfy the salary continuation obligation required under 11 O.S. 2001, § 49-111[11-49-111] by using a firefighter's accrued leave. We find that it may not. The plain and unambiguous language of 11 O.S. 2001, § 49-111[11-49-111](A) and (B), provides that the salary continuation obligation "shall be paid by the municipality to the [firefighter]." The practice of deducting salary continuation payments from a firefighter's accrued leave would not amount to the municipality paying for the firefighter's salary continuation, because the obligation would be satisfied by the disabled firefighter from accrued employment benefits already earned by the firefighter. Therefore, this practice would contradict the clear and unmistakable language of 11 O.S. 2001, § 49-111[11-49-111](A) and (B), which requires the salary continuation obligation to be paid by the municipality.
Additionally, our conclusion is supported by Section 49-111(C). Section 49-111(C) harmonizes the salary continuation obligation with the Oklahoma Workers' Compensation Act by requiring a firefighter receiving salary continuation payments and workers' compensation temporary disability benefits to transfer the latter to the municipality if the continued salary exceeds the amount of the workers' compensation benefits. The clear intent of this provision is to partially reimburse the municipality for its salary continuation payments to the firefighter in certain circumstances where workers' compensation benefits are paid. Consequently, the reimbursement mechanism of Section 49-111(C) demonstrates the Legislature's intent that the salary continuation obligation is required to be paid by the municipality, not the firefighter.
If a municipality were allowed to deduct salary continuation payments from a firefighter's accrued leave to satisfy the salary continuation obligation, the municipality could conceivably recognize a financial gain from the firefighter's temporary disability by using the firefighter's *Page 4 
accrued leave to satisfy its salary continuation obligation and receiving the transfer of the firefighter's workers' compensation benefits under Section 49-111(C). Accordingly, in addition to conflicting with the express language of 11 O.S. 2001, § 49-111[11-49-111], this practice would produce an absurd result which would be beyond the intention and purpose of the Legislature as expressed in the statute.
It is, therefore, the official Opinion of the Attorney Generalthat:
 A municipality may not lawfully deduct the salary continuation paymentrequired by 11 O.S. 2001, § 49-111[11-49-111] from a firefighter'saccumulated leave.
W.A. DREW EDMONDSON
ATTORNEY GENERAL OF OKLAHOMA
RICHARD J. DENNY
 ASSISTANT ATTORNEY GENERAL *Page 1